# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CHARON ANDERSON                                                     PLAINTIFF

v.                                          CIVIL ACTION NO. 3:14CV-P154-H

LINDA GREEN *et al*.                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Charon Anderson, proceeding *in forma pauperis* has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the complaint.

## I. SUMMARY OF CLAIMS

Plaintiff brings this complaint against the following eight Defendants: (1) Brittany Piasuk; (2) Tom Morriston; (3) Droscilla Ham; (4) Randy Hargis; (5) Chris Hatton; (6) Linda Green; (7) Brian Keenan; and (8) Mark McAllister. Defendants Piasuk, Morriston, Ham, and Hargis are employed at Kentucky Correctional Institution for Women [KCIW], and Defendants Hatton, Green, Keenan, and McAllister are employed at Western Kentucky Correctional Complex [WKCC]. Plaintiff sues each Defendant in his/her official capacity. As relief, Plaintiff seeks monetary damages, punitive damages, "expectation damages," and "[r]elease to Probation & Parole."

In her complaint, Plaintiff states that on September 8, 2011, she made parole upon the successful completion of "SAP" [Substance Abuse Program]. According to Plaintiff, after waiting a "significant amount of time for a [SAP], approximately 6 months, the KY Parole Board

amended [her] recommendation to, be released on parole and while on parole successfully complete a program." Nine months after making parole, according to Plaintiff, she was sent to the Marion County Jail to do a "LIB Program." She states that she was terminated from this program due to mental health reasons. Plaintiff gives no date as to when this termination occurred. Plaintiff states that on March 9, 2012, "Chip McIntyre from Probation and Parole of Henderson County explained that [she] had been approved for the Intensive Out Patient Program." She further states that Mr. McIntyre informed her she would be released and would do this program from home. Plaintiff states that she was not released to do this program.

Plaintiff states that her Reclassification Custody Form dated August 21, 2012, indicated that she "was still parole upon completion but [she] was sent to a prison instead of a [SAP] [a]lthough she was eligible for All Halfway Houses and CD Programs." Her Reclassification Custody Form, according to Plaintiff, indicated she had "no history of institutional violence, no violence with in the past 6 months and that [she was] a non-violent offender."

Plaintiff states that Dr. Seitz did not recommend she do a SAP. She further states that Defendant Ham told her that she "could not go out into a community to do a [SAP] due to [her] mental illness." According to Plaintiff, she was placed in the "Willow Program (which was not referred to as Willow SAP)." She states that she was unable to complete the program due to chronic pain, and that she was "3 pills short in [her] 30 day supply of Ibuprofen." Plaintiff states that she was placed in a 1-year leave where she was prohibited from applying for any other SAPs in the state of Kentucky.

According to Plaintiff, in March 2013, "the Honerable Judge Woodall, confirmed the discrepencies between the Sept 8 2011 parole recommendation and the January 9 2012 Parole

Recommended Order." Plaintiff alleges that the "Dept of Corrections, Defendants failed to follow the 2011 order and the 2012 order." Plaintiff states that on November 19, 2013, she made parole for the third time; however, as of February 5, 2014, she was "sitting here on parole, yet incarcerated." Plaintiff states that "[a]fter being told multiple times that [she] would be going home, waiting 9 months for a program, seeing other inmates leave to go participate in a community based program and then being discriminated against took its toll."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

Title 42, United States Code, Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under § 1983, Plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Plaintiff's complaint is void of the constitutional or statutory provisions she alleges Defendants have violated. She contends that Defendants have failed to release her on parole in violation of the Parole Board's recommendation. Although not

4

stated, in construing the complaint in the light most favorable to Plaintiff as the Court must, it appears that Plaintiff is alleging a Fourteenth Amendment due process claim. Even construing her complaint as alleging such a constitutional violation, it must be dismissed.

## A. *Eleventh Amendment Immunity*

Plaintiff's § 1983 claim against Defendants in their official capacities for money damages fails because it is barred by Eleventh Amendment immunity. Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). The Eleventh Amendment similarly bars the damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official

---

[1]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Plaintiff sues Defendants only in their official capacities. She identifies each Defendant as being employed by a Kentucky Department of Corrections' correctional institution. As such, the official-capacity claim for money damages against them is barred and will be dismissed from this action.

## B. *Injunctive Relief*

Plaintiff's claim against Defendants for injunctive relief must also be dismissed from this action. Plaintiff seeks release on parole. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff seeks an immediate or speedier release from custody, her § 1983 claim for such injunctive relief cannot lie and will be dismissed.

## IV. **CONCLUSION**

Having failed to state a claim upon which relief may be granted, this action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
Defendants
4412.003